# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| JUDITH H. HICKS, | } | |
| Plaintiff, | } | |
| v. | } | Case No.: 4:05-CV-1375-RDP |
| FANNY A. JACQUEZ, M.D., | } | |
| Defendant. | } | |

## MEMORANDUM OPINION AND ORDER

### I.   Introduction

On June 24, 2005, Defendant removed this case to this court on the grounds of diversity jurisdiction. (Doc. #1). This medical malpractice case arises out of Defendant's treatment of Plaintiff for migraine headaches in the state of Alabama. (Doc. #1). Pending before the court are a Motion to Declare Section 6-5-544 of the Alabama Code Constitutional and Motion for Order Striking Any Damages Awarded to Plaintiffs in Excess of Limitations Provided in Section 6-5-544 filed on June 24, 2005. (Doc. #4).

### II.   Analysis

Defendant asks this court to find that § 6-5-544 of the Alabama Code is "constitutional." Section 6-5-544 provides in part as follows:

> In no action shall the amount of recovery for noneconomic losses, including punitive damages, either to the injured plaintiff, the plaintiff's spouse, or other lawful dependents or any of them together exceed the sum of $400,000. Plaintiff shall not seek recovery in any amount greater than the amounts described herein for noneconomic losses.

Ala. Code § 6-5-544(b) (1975).

As this is a diversity case, the court is bound to apply state substantive law. *See Erie R. Co.*

*v. Tompkins*, 304 U.S. 64, 73 (1938). In *Erie*, the Supreme Court stated:

> Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or 'general,' be they commercial law or a part of the law of torts.

*Id.* Plaintiff's Complaint, which sounds in medical malpractice, was originally filed in the Circuit Court of Etowah County, Alabama. Therefore, without question, the *Erie* doctrine calls for the application of Alabama substantive law.

The court must determine which choice-of-law rules to apply. As the Eleventh Circuit has instructed:

> A district court must apply the choice-of-law rules of the state in which it sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Alabama uses a vested rights approach in determining the applicable law in tort actions, an approach that ordinarily results in application of the law of the state where the injury occurred. *See Fitts v. Minn. Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala.1991) ("Lex loci delicti has been the rule in Alabama for almost 100 years. Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred."); *accord Etheredge v. Genie Indus., Inc.*, 632 So. 2d 1324, 1325 (Ala.1994).

*Allison v. Vintage Sports Plaques*, 136 F.3d 1443, 1446 n.6 (11th Cir. 1998) (parallel citations omitted). Plaintiff's alleged medical injuries arise out of Defendant's treatment of her within the state of Alabama and are akin to common law tort actions. Therefore, under Alabama choice-of-law rules, the court must evaluate Plaintiff's substantive rights according to Alabama law.

In the Motion to Declare Section 6-5-544 of the Alabama Code Constitutional and Motion for Order Striking Any Damages Awarded to Plaintiffs in Excess of Limitations Provided in Section 6-5-544, Defendant seeks a ruling from this court that §6-5-544 does not violate the Alabama

Constitution. This issue has already been decided by the Alabama Supreme Court in *Moore v. Mobile Infirmary Ass'n*, 592 So. 2d 156 (Ala. 1991). There, the court found § 6-5-544 to violate the Alabama Constitution. Defendant relies upon the reasoning set forth by Justice Maddox in his dissent. *Moore*, 592 So. 2d at 178-83. As explained in *Erie*, however, while sitting in diversity, this court is bound by Alabama substantive law, including any decisions by its highest court. This court cannot reverse the *Moore* decision and limit Plaintiff's potential damages, as urged by Defendant. Rather, it is required to apply it.

### III. Conclusion

For the reasons stated above, Defendant's Motion to Declare Section 6-5-544 of the Alabama Code Constitutional and Motion for Order Striking Any Damages Awarded to Plaintiffs in Excess of Limitations Provided in Section 6-5-544 are **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this 5th day of July, 2005.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE