FILED
 2006 Mar-30  PM 04:34
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JUDITH H. HICKS,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 4:05-CV-1375-RDP |
| **FANNY A. JACQUEZ, M.D.,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

Pending before the court is Defendant Fanny A. Jacquez's Motion for Summary Judgment (Doc. #13) filed on February 27, 2006. This medical malpractice case arises out of Defendant's treatment of Plaintiff Judith H. Hick for migraine headaches in the state of Alabama. (Doc. #1). Upon consideration of the record and the relevant law, the court concludes that Defendant's Motion for Summary Judgment is due to be granted, and that Plaintiff's Complaint is due to be dismissed with prejudice.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) - (b).

>Rule 56(e) provides in part:
>
>When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not a grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are not disputed issues of material fact and that she is entitled to judgment as a matter of law.

Applying these standards to this case, the court concludes that Defendant has demonstrated that there is no genuine issue as to any material fact and that she is entitled to judgment as a matter of law. Plaintiff has not come forward with **any** evidence in response to Defendant's initial showing on summary judgment. Moreover, pursuant to the court's Scheduling Order entered on August 1, 2005, the deadline for Plaintiff to file her written opposition to summary judgment on March 20, 2006, and she has not requested any extension of this date.[1] (*See* Doc. #9 at Appendix II at 1 ("The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed. "). Therefore, Plaintiff has failed to meet her burden on opposition "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324, and the record demonstrates that summary judgment in favor of Defendant is appropriate.

---

[1] On March 29, 2006, the court attempted to contact Plaintiff's counsel by telephone and spoke with his secretary in an effort to obtain further clarification as to Plaintiff's position on summary judgment. The court has not received any further information from Plaintiff's counsel or his office after placing this call and interprets the lack of any immediate follow up to mean that Plaintiff does not oppose the entry of an order granting summary judgment in Defendant's favor.

Alternatively, the court has reviewed Defendant's summary judgment motion and finds that there is no material issue of fact suggesting that Plaintiff's Acute Myopia and Secondary Angle Closure Glaucoma are a result of Defendant's prescription and Plaintiff's taking of Topomax. Rather, the undisputed evidence demonstrates that Plaintiff's condition is the result of the long standing and chronic nerve damage due to Primary Open Angle Glaucoma for which she has been treated since 1999. Therefore, Defendant has shown she is entitled to judgment as a matter of law on Plaintiff's negligence claim.

Accordingly, Defendant's Motion for Summary Judgment is due to be granted. The court will enter an Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ____30th____ day of March, 2006.

                                                              _____
                                                              **R. DAVID PROCTOR**
                                                              UNITED STATES DISTRICT JUDGE